IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BROOKLYN TEXTILES LLC | ) | |
|     Plaintiff, | ) | CIVIL ACTION NO.: |
| | ) | |
|   v. | ) | |
| | ) | |
| DSOURCE LLC d/b/a PPE ADVANTAGE and DOUGLAS STEIN a/k/a DOUG STEIN | ) ) ) | |
|     Defendant. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Brooklyn Textiles LLC ("BTL" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint for Breach of Contract and related claims against DSource LLC d/b/a PPE Advantage ("PPE Advantage") and Douglas Stein a/k/a Doug Stein ("Mr. Stein" and collectively, the "Defendants") on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.    This is an action against the Defendants for breach of contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, conversion, fraud, and piercing of the corporate veil to hold Mr. Stein personally liable to Plaintiff.

### PARTIES

2.    Plaintiff is a New York limited liability company with a place of business at 983 Dean Street, Brooklyn, New York 11238. Plaintiff specializes in importing and exporting various goods.

3. Upon information and belief, Defendant PPE Advantage is an Illinois Limited Liability Company with a principal place of business at 900 N. Kingsbury Street, Apt. 900, Chicago, IL 60611.

4. Upon information and belief, Defendant Douglas Stein is a citizen and domiciliary of Illinois residing at 900 N. Kingsbury Street, Apt. 900, Chicago, IL 60611.

**JURISDICTION AND VENUE**

5. This is an action for breach of contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, conversion, fraud, and piercing of the corporate veil.

6. Subject matter jurisdiction over the claims is conferred upon this Court by 28 U.S.C. § 1332 (federal diversity jurisdiction).

7. Plaintiff's sole member is domiciled in, and is a citizen of, the State of New York.

8. Upon information and belief, Defendant PPE Advantage's sole member is domiciled in, and is a citizen of the state of Illinois.

9. Upon information and belief, Defendant Mr. Stein is domiciled in, and is a citizen of the state of Illinois.

10. The amount in controversy exceeds $75,000.

11. This Court also has personal jurisdiction over Defendants because, upon information and belief, Defendants maintain continuous and systematic contacts within the state, derive substantial revenue from the state, and have committed acts giving rise to this action within New York and within this District.

12. The exercise of personal jurisdiction comports with Defendants' right to due process, because Defendants have purposefully availed themselves of the privilege of conducting

activities nationally, including within the Eastern District of New York, such that they should reasonably anticipate being hailed into court here.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(b) at least because Plaintiff resides within this District, and Defendants transact business within this District, including their agreement and business dealings with Plaintiff in this District.

## BACKGROUND

14.     On or about December 8, 2020, Plaintiff placed an order with Defendants for manufacturing and delivery of 35,000 boxes of PRINCE brand nitrile examination gloves, a total of 3,500,000 gloves (the "Goods"), for a total cost of $315,000 to be paid to Defendants.

15.     On or about December 11, 2020, Plaintiff paid Defendants $94,500, representing a 30% deposit on the Goods as well as a CIF Fee, as reflected in an invoice #DSL120820.

16.     During the ordering process, as well as afterward, Plaintiff made it abundantly clear on numerous occasions that time is of the essence for delivery of the Goods, and that delivery was expected promptly.

17.     On December 15, 2020, 4 days after the initial deposit had been paid, Defendants conveyed to Plaintiff that Defendants' expectation was that the shipment from Malaysia would begin in the middle of January, for delivery in the middle of February.

18.     On January 5, 2021, Defendants stated that they expected the Goods to ship at the end of January.

19.     On January 19, 2021, Defendants responded to the question of whether the Goods would ship on a new date of February 10, 2021 with the statement that it "[s]hould be close."

20. On February 3, 2021, Defendants provided an update to Plaintiff, saying that they had "solid news for your container," but that they were "looking for a little more patience," as they were "trying to book 10 sail dates and 10 inspections."

21. On February 10, 2021, Defendants stated to Plaintiff that the Goods would be "shipping this month."

22. On February 18, 2021, a message was sent to Defendants for an update on the expected shipping date, and Mr. Stein's colleague indicated that Mr. Stein was on vacation in Hawaii.

23. On February 27, 2021, Defendants indicated to Plaintiff that the Goods would be shipping on March 16, 2021.

24. Consequently, on March 17, 2021, Plaintiff paid Defendants the remaining balance of $220,500.

25. On or about March 31, 2021, Defendants sent a "container loading video" to Plaintiff purportedly depicting the loading of the Goods at the port.

26. On April 12, 2021, Defendants sent an email to Plaintiff enclosing an arrival notice and stating "[y]our container should be arriving soon."

27. On April 16, 2021, Defendants sent an email apologizing to Plaintiff for representing to Plaintiff that their container would be arriving soon and stating that they had confused a different container for Plaintiff's container when they said it was arriving soon, and that since they had sent the loading video to Plaintiff on March 31, 2021, there is no way it could get here that fast, but that Plaintiff's container was expected at the beginning of May with "end of April possible."

28. Upon information and belief, Defendants confused which container was Plaintiff's because they did not have one-to-one correspondence between orders placed with Defendants and incoming shipments from their suppliers in Malaysia and elsewhere, but instead were taking more orders and corresponding payments from customers than they could possibly fill in a timely manner given the number of containers they had scheduled for shipment to the United States (the "Fraudulent Scheme").

29. Upon information and belief, Mr. Stein used the corporate entity of PPE Advantage to conduct the Fraudulent Scheme with the hope of avoiding personal liability for his fraudulent conduct.

30. On April 28, 2021, Plaintiff asked Defendants for a return of the money that had been paid to Defendants after learning that the shipment was purportedly stuck in Korea, and delivery was not expected until June 2021.

31. Defendants denied responsibility for the delays and refused to refund Plaintiff.

32. Due to the time-sensitive nature of Plaintiff's purchase orders, Plaintiff no longer needs the goods as a direct result of Defendants' conduct.

33. Defendants have acted in bad faith and continue to evade attempts to refund payment.

## COUNT I: BREACH OF CONTRACT

34. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

35. Plaintiff and Defendants entered into a contract. Plaintiff submitted, and Defendants accepted, a purchase order from Plaintiff on December 8, 2020.

36. Defendants acknowledged receipt of the purchase orders and accepted payment for the same on December 11, 2020.

37. Defendants had a duty to deliver the Goods in the purchase orders in a timely manner.

38. Defendants failed to deliver the Goods.

39. Defendants breached its obligations under its contracts to deliver the Goods.

40. Defendants continues to hold Plaintiff's funds as a deposit.

41. Plaintiff has suffered harm as a result of Defendants' breach, including, without limitation, lost revenue and funds.

42. Accordingly, Defendants are liable for all Plaintiff's damages herein including $315,000 of actual monetary damages, $100,000 of punitive damages, and Plaintiff's reasonable attorneys' fees which continue to accumulate.

## **COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**

43. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

44. The contract between Plaintiff and Defendants is or were existing contracts. The contracts include an implied covenant of good faith and fair dealing.

45. Defendants acted in bad faith, and with improper motive, as described herein, in breach of the implied covenant of good faith and fair dealing.

46. Defendants' actions violated the reasonable and justifiable expectations of Plaintiff under the terms of the agreement, and have the effect of injuring Plaintiffs' rights to receive the fruits of the agreement.

47. In particular, Defendants' actions caused Plaintiff injury due to its loss of revenue and funds.

48. Defendants' breaches were and are a substantial factor in directly and proximately causing damages to Plaintiff.

49. Accordingly, Defendants are liable for all Plaintiff's damages herein including $315,000 of actual monetary damages, $100,000 of punitive damages, and Plaintiff's reasonable attorneys' fees which continue to accumulate.

## COUNT III: UNJUST ENRICHMENT

50. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

51. Defendants have received valuable property from Plaintiff, including its funds.

52. By so doing, Defendants have unjustly enriched themselves to the detriment of Plaintiff.

53. Plaintiff has been damaged by Defendants' unjust enrichment.

54. Accordingly, Defendants are liable for all Plaintiff's damages herein including $315,000 of actual monetary damages, $100,000 of punitive damages, and Plaintiff's reasonable attorneys' fees which continue to accumulate.

## COUNT IV: CONVERSION

55. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

56. Defendants wrongfully exercised dominion and control over Plaintiff's property and, by failing to safeguard the same, converted Plaintiff's property without legal justification, authorization, or privilege.

57. As a result of Defendants' conduct, Plaintiff has been damaged, and continues to be damaged.

58. Accordingly, Defendants are liable for all Plaintiff's damages herein including $315,000 of actual monetary damages, $100,000 of punitive damages, and Plaintiff's reasonable attorneys' fees which continue to accumulate.

## COUNT V: FRAUD

59. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

60. Defendants knowingly and intentionally induced Plaintiff into paying $315,000 for the Goods using representations that the Goods would be delivered in a timely manner, knowing that the Goods could not be delivered in a timely manner.

61. Plaintiff reasonably relied on the false representations made by Defendants and was harmed as a result of said reliance, since Defendants failed to deliver the Goods to Plaintiff in a timely manner, thereby depriving Plaintiff of money rightfully belonging to Plaintiff.

62. Defendants' misrepresentations caused Plaintiff to be damaged because Plaintiff would not have paid either the deposit nor the remaining balance on the Goods had Plaintiff known the truth regarding the plausible and likely timing for the delivery of the Goods.

63. Accordingly, Defendants are liable for all Plaintiff's damages herein including $315,000 of actual monetary damages, $100,000 of punitive damages, and Plaintiff's reasonable attorneys' fees which continue to accumulate.

## COUNT VI: PIERCE THE CORPORATE VEIL/ALTER-EGO LIABILITY

64. Plaintiff re-alleges and incorporates the allegations in each of the paragraphs in this Complaint as if fully set forth herein.

65. Mr. Stein abused the corporate entity by repeatedly misrepresenting to Plaintiff the actual likelihood of Plaintiff's expectations being met for when the Goods would be shipped.

66. Mr. Stein abused the corporate entity by misrepresenting to Plaintiff the actual expected arrival date for the Goods in the United States once they had shipped.

67. Mr. Stein abused the corporate entity through fraud, wrongdoing and injustice to avoid its legal obligation to remunerate Plaintiff after it knew it could not reasonably fulfill its duties under its agreement with Plaintiff to timely deliver the Goods to Plaintiff.

68. Mr. Stein abused the corporate entity through fraud, wrongdoing and injustice, when he misrepresented to Plaintiff the actual likelihood of Plaintiff's expectations being met for when the Goods would be shipped, misrepresented to Plaintiff the actual expected arrival date for the Goods in the United States once they had shipped, by avoiding remuneration of Plaintiff through statements he knew were false, and did so for the purpose of obtaining personal benefits at Plaintiff's expense.

69. Upon information and belief, Mr. Stein owns 100% of the interest in PPE Advantage.

70. Upon information and belief, Mr. Stein has failed to adhere to the formalities of corporate existence for PPE Advantage in that he failed, among other things, to: (a) keep adequate records relating to the governance of corporate affairs and accounting of finances, (b) retain, before distribution to himself, earnings from PPE Advantage's operations in an amount sufficient to meet financial obligations to Plaintiff, and (c) to maintain the LLC in good standing with the secretary of state in Illinois.

71. Moreover, upon information and belief, Mr. Stein conducted the business of PPE Advantage in disregard of corporate formalities, in a manner that suited personal convenience,

and for an improper purpose-namely, to perpetuate the Fraudulent Scheme directly involving Plaintiff and absolve himself of any contractual liability to Plaintiff.

72. Mr. Stein should be held individually liable because he participated in and had knowledge of the misrepresentations and fraudulent statements made throughout the course of dealings between Plaintiff and Defendants.

73. Mr. Stein should be held individually liable for the actions of PPE Advantage with respect to each of the other claims in this complaint, including breach of contract, unjust enrichment, breach of implied covenant of good faith and fair dealing, conversion, and fraud.

74. The corporate veil should be pierced here because PPE Advantage has been dominated by Mr. Stein and the separate corporate identity of PPE Advantage has been so disregarded, that Mr. Stein was primarily transacting Mr. Stein's business rather than the corporation's business.

75. Accordingly, Plaintiff is entitled to have the Court pierce the corporate veil and hold the Defendant Mr. Stein personally liable for all Plaintiff's damages herein including $315,000 of actual monetary damages, $100,000 of punitive damages, and Plaintiff's reasonable attorneys' fees which continue to accumulate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A. Granting judgment in favor of Plaintiff and against Defendant on all claims and a final judgment incorporating the same;

B. Adjudging that Defendants have breached the contract between the parties;

C. On Count I, damages in the amount of $315,000 plus interest;

D. On Count II, damages in the amount of $315,000 plus interest;

E. On Count III, damages in the amount of $315,000 plus interest;

F. On Count IV, damages in the amount of $315,000 plus interest;

G. On Count V, damages in the amount of $315,000 plus interest;

H. On Count VI, damages in the amount of $315,000 plus interest;

I. On all counts, an award of punitive damages in the amount of $100,000;

J. On all counts, an award of restitution and disgorgement of ill-begotten profits;

K. On all counts, an award of the fees, costs and disbursements, and interest, expended in connection with any actions taken to investigate and confirm the claims made herein;

L. On all counts, declaring Plaintiff as the prevailing party and awarding Plaintiff its reasonable attorneys' fees; and

M. Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment, Plaintiff demands a trial by jury on all claims and issues so triable.

New York, New York
Dated: June 11, 2021

                                          By: /s/ Serge Krimnus
                                              Serge Krimnus, Esq.
                                              Andrew D. Bochner, Esq.
                                              Paul L. Fraulo, Esq.
                                              Bochner IP, PLLC
                                              295 Madison Avenue, 12th Floor
                                              New York, New York 10017
                                              (646) 971-0685
                                              *Attorneys for Plaintiff*